UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN SEGHERS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1448** |
| **PEPSIAMERICAS, INC.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that PepsiAmericas, Inc.'s motion to dismiss Karen Seghers complaint for lack of subject matter jurisdiction is **DENIED**. (Document #36.)

### I. BACKGROUND

On April 29, 2004, Karen Seghers' minivan was rear-ended by a Pepsi Americas, Inc.'s (Pepsi) delivery truck, while bringing her vehicle to a stop at a traffic light on Highway 21 in Covington, Louisiana. Seghers filed a complaint against Pepsi, invoking diversity jurisdiction under 28 U.S.C. § 1332, and alleging liability for employee negligence under the doctrine of *respondeat superior*. Pepsi stipulates that the driver, Wayne Landry, was solely at fault for the accident. Pepsi filed a motion to dismiss for lack of subject matter jurisdiction on grounds that the amount in controversy does not exceed the sum or value of $75,000.

## II. DISCUSSION

### A. Legal standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

### B. Amount in controversy

Pepsi contends that the amount in controversy does not reach the $75,000 threshold for federal diversity jurisdiction. Pepsi argues that Seghers was treated conservatively for whiplash-type injuries on a sporadic basis. Pepsi contends that the property damage claim was paid by Seghers' automobile insurer, GEICO, who then subrogated against Landry's employer. Further, Seghers submitted medical expenses to GEICO under the medical payment coverage of her auto policy, and GEICO paid $3,762.59 in medical expenses, subrogated against Landry's employer.[1] Pepsi contends that Seghers paid some medical expenses not covered by insurance, but that the amount is less than $500. Seghers also seeks special damages for lost pay as a result of the accident in the amount of $421.26.

"District courts have original jurisdiction over civil actions where the amount in

---

[1] GEICO filed suit in the 22nd Judicial District Court for the Parish of St. Tammany on the medical payments subrogation claim. The claim was settled, and the suit was dismissed.

controversy exceeds $75,000 and there is diversity between all parties."[2]  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999); 28 U.S.C. § 1332.  It is well-established that diversity jurisdiction is assessed at the time the action is filed.  See Freeport-McMoran, Inc. v. K N Energy, Inc., 111 S. Ct. 858, 860 (1991).  In St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586 (1938), the Supreme Court held that the amount claimed by the plaintiff controls when jurisdiction is challenged on the basis of the amount in controversy.  "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 590.  "Event occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."  Id. at 590-91.  The "court is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied."  Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1990).  The method of determining the amount in controversy "is entirely within the discretion of the trial court."  Id. (internal quotation and citation omitted).

    Seghers presents medical records of her treatment for persistent pain since the accident.  Seghers sought treatment at Ochsner Clinic for neck and back pain on April 29, 2004, the date of the accident.[3]  See Plaintiff's exh. 2.  On May 5, 2004, she was treated by Dr. Charles Krieger, Jr., an orthopedic surgeon for pain in her neck, the right side of her upper back and shoulder, and soreness in her ankle and knee.  Plaintiff's exh. 3.  Seghers was instructed to perform neck exercises and scapular squeezes and was offered the option to go to physical therapy.  Id.

---

[2]    Diversity of citizenship is not an issue in this case.

[3]    Seghers also alleges aggravation of pre-existing injury to her coccyx.

Seghers completed a course of treatment at Peyroux Chiropractic Clinic, and returned to Dr. Rutu Majahan at Ochsner Clinic on September 30, 2004 because she continued to suffer from neck pain and headaches.  Plaintiff's exh. 4 and 5.  Dr. Majahan  referred her to Health South for physical therapy, which she received from October 15, 2004 through March 16, 2005, and to Dr. Matti Palo, an orthopedist at Ochsner Clinic.  Plaintiff's exh. 6 and 7.

Dr. Palo testified in his deposition that Seghers' pain is related to the collision.  On March 21, 2005, Dr. Palo concluded that Seghers' neck pain was largely resolved, but that she still had some slight residuals with holding her head still for a long period of time.  Plaintiff's exh. 7.  He recommended that she continue with isometric exercises and follow-up with Dr. Mahajan.  Id.

After the filing of the suit on April 18, 2005, Seghers continued receiving treatment.  On June 27, 2005, Seghers reported to Dr. Palo that she had "quite a bit" of pain.  Plaintiff's exh. 8.  Dr. Palo ordered that she return to physical therapy.  Id.  Seghers was evaluated at Audubon Physical Therapy on July 7, 2005, and diagnosed with neck pain/cervicalgia secondary to whiplash injury.  Plaintiff's exh. 9.  Seghers presented "with decreased painfree AROM cervical spine, posture dysfunction, headaches, cervical spine joint dysfunction, and decreased function. Id.

On December 12, 2005, Seghers had a follow-up visit with Dr. Palo concerning her ongoing neck pain.  Plaintiff's exh. 10.  Dr. Palo recommended that she be given a maintenance plan to prevent her condition from worsening, and referred her to a neck surgeon.  Id.

Pepsi requested that Dr. Robert Steiner, an orthopedic surgeon, examine Seghers on

4

January 19, 2006.  Dr. Steiner found Seghers' neurological examination to be normal and diagnosed Seghers with a cervical strain related to the accident.  Dr. Steiner agreed that some soft tissue injuries take a long time to resolve and others resolve in a short period of time.

The medical evidence demonstrates consistent, ongoing treatment by orthopedists, a chiropractor, and physical therapists.  The court finds that it does not appear to a legal certainty that Seghers total claim was for less than $75,000 at the time the action was filed on April 18, 2005.  Accordingly, dismissal based on lack of the jurisdictional amount is not proper.

New Orleans, Louisiana, this  10th  day of July, 2006.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**